No. 21-20555

# In the United States Court of Appeals for the Fifth Circuit

JOHN DOE,

*Plaintiff-Appellant,*

*v.*

WILLIAM MARSH RICE UNIVERSITY,
DOING BUSINESS AS RICE UNIVERSITY

*Defendant-Appellee.*

On Appeal from the United States District Court
For the Southern District of Texas, Houston Division

**REPLY BRIEF FOR APPELLANT**

SUSAN E. HUTCHISON
Texas State Bar No. 10354100
Sehservice@FightsforRight.com

HUTCHISON & FOREMAN, PLLC
500 East 4th St., Ste. 100
Fort Worth, Texas 76102
Tel: (817) 336-5533
Fax: (817 887-5471

COUNSEL FOR APPELLANT

CERTIFICATE OF INTERESTED PERSONS

No. **21-20555**

JOHN DOE

*Plaintiff-Appellant*,

*v.*

WILLIAM MARSH RICE UNIVERSITY,
doing business as RICE UNIVERSITY,

*Defendants-Appellees*.

The undersigned counsel of record certifies that the following listed persons and entities, as described in the fourth sentence of Rule 28.2.1, have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

Appellant:
John Doe
Counsel for Appellant:
Susan E. Hutchison (Lead Counsel)
HUTCHISON & FOREMAN, PLLC

Appellee:
William Marsh Rice University dba Rice University
Counsel for Appellee:
Emily McLemore Smith
Rusty Hardin
Rusty Hardin & Associates

                                                    /s/Susan E. Hutchison
                                                    SUSAN E. HUTCHISON
                                                    Counsel of Record for Appellant

## STATEMENT REGARDING ORAL ARGUMENT

Appellant respectfully requests oral argument because this case concerns a legal issue of national importance: what is equal treatment of men and women in a Title IX investigation by a university relating to a consensual student sexual encounter?

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ................................................................ i
STATEMENT REGARDING ORAL ARGUMENT ..................................................... ii
TABLE OF CONTENTS ............................................................................................... iii
TABLE OF AUTHORITIES .......................................................................................... iv
    A.   Erroneous Outcome ................................................................................... 1
    B.   Gender Bias ................................................................................................ 2
    C.   Selective Enforcement ............................................................................... 2
    D.   Archaic Assumptions ................................................................................ 3
    E.   Breach of Contract .................................................................................... 4
    F.   Damages ..................................................................................................... 5
    G.   Conclusion ................................................................................................. 5
CERTIFICATE OF SERVICE ........................................................................................ 6
CERTIFICATE OF COMPLIANCE WITH RULE 32(A) ........................................... 6

## TABLE OF AUTHORITIES

**Cases**

*Plummer v. Univ. of Houston*, 860 F.3d 767 (5th Cir. 2017), *as revised* (June 26, 2017) ......... 2, 3

A. <u>Erroneous Outcome</u>

Appellee's continued insistence that John Doe failed to inform Jane Roe that he had herpes in high school is patently false. The record is replete not only with Roe's admissions that he told her about it, but also Appellee's own admissions that he did. Garza's own charge letter admits as much. ROA.1609. Why is it, then, that The evidence proves that there was an erroneous outcome in the actions taken by the university, as well as gender bias in its conduct.

Appellee alleges that Doe knew he had a "lifelong 'incurable' disease" at the time he texted Roe and didn't fully disclose that information. (Appellee's brief, p. 12, citing to ROA 1359). What Appellee cites to is Garza's letter, not a statement by Doe. Doe was referencing what *Roe told him* in the text about the disease being lifelong. ROA 1359. The text exchange itself reflects that Doe had no idea that the disease could remain dormant and permanent ("and what does dormant mean?" ROA 1585-1598).

Appellee further ignores the fact that Roe alleges she had been getting screened for herpes even before dating Doe (every six months), indicating a level of knowledge on her part that exceeded Doe's. ROA.1463:6—12. Furthermore, Appellee's statement that Roe's "inconsistencies, motives and bad memory" are "irrelevant" to the university's findings and actions (Appellee's brief, p. 14) ignore

substantial caselaw holding that those are the very things that can establish an erroneous outcome.

B. <u>Gender Bias</u>

The Appellee attempts to explain away the university's obvious gender bias by alleging a "confession" on the part of Doe. Such an allegation misrepresents the evidence, which establishes that Doe revealed his previous condition and had no understanding that it could remain dormant and permanent. The record is replete with evidence of the substantially different treatment of Roe and Doe, as well as the university ignoring any and all evidence that Roe had engaged, and planned to continue to engage, in knowingly bad conduct placing all other university students in danger.

C. <u>Selective Enforcement</u>

It defies belief that the university, having specific, written knowledge that Roe planned to place all of the other university students in physical danger, alleged (without any written support) that it could not act on such knowledge because those other students had not yet contracted the disease from Roe and filed a written complaint. As excuses for different treatment go, it is an extremely poor one.

Appellee cites *Plummer v. Univ. of Houston*, 860 F.3d 767, 778 (5th Cir. 2017), *as revised* (June 26, 2017) for the proposition that a formal complaint must be submitted before the university has an obligation to investigate misconduct.

(Appellee brief, p. 19). However, that was not the holding of the *Plummer* opinion, which addressed the selective enforcement claim as follows (and not based on a failure to file a formal complaint):

> Plummer chides the University for not taking up her charge of misconduct against Female UH Student for pressing to "sex" her. We agree, however, with the district court's assessment of the undisputed facts: the photo and graphic videos, taken and later exhibited by Plummer, show McConnell touching Female UH Student in private areas. Female UH Student is unresponsive and inactive. Female UH Student was found naked in an elevator and taken to the hospital for sexual assault testing. The University's discipline was predicated on what the two charged students did, and during the discipline process they—a male and a female—were treated equally. 860 F.3d at 778.

Additionally, Appellee fails to address (pertinent to both gender bias and selective enforcement), that the university knew that Roe's statements and actions *during the investigation* violated The Student Code of Conduct, but did nothing. The Student Code of Conduct states that failing to be honest is a violation. ROA.1552:4—6. <u>Giving false information during an investigation in the student judicial program is also a violation of the Code of Conduct.</u> ROA.1552:7—11. There is no requirement that a formal "written complaint" be asserted regarding lying during an investigation. Ms. Roe clearly violated these provisions and suffered no consequences whatsoever.

D. <u>Archaic Assumptions</u>

Once again, Appellee's argument in response to Doe's brief on this issue is based on a misrepresentation of the facts. Appellee argues that Doe knew he had a

3

"lifelong, serious illness." (Appellee brief, p. 21). In fact, the record establishes that Roe actually had much more knowledge about herpes that Doe did, that she had been getting screened for herpes for many months (ROA.1463:6—12) and that she is the one that informed him about the permanent nature of the disease (see text exchange ROA.1585-1592).

E. Breach of Contract

Ms. Garza testified that the university's policies included not treating students differently on the basis of gender, providing fair and equal treatment to both sides during an investigation, conducting an impartial investigation with integrity, conducting a thorough investigation and reviewing/weighing all relevant evidence. Ms. Garza also testified that a Title IX claimant had the burden of proof by a preponderance of the evidence. ROA.1424:5-1428:24. Doe's suspension was supposed to be fair and just. According to Ms. Garza, Doe was entitled to those things as a part of his education at Rice. ROA.1424:5-1428:24. Doe has set forth in great factual detail in section 1 in his initial Brief, incorporated by reference, each way in which the university failed to provide fair and equal treatment and all of the failings of the investigation, as well as the fact that Doe was innocent of the charge. Thus, there is at least a material fact issue regarding the university's breach of its contract with Doe.

F. Damages

In its summary judgment motion, the university's complaint regarding damages focused on an alleged lack of computation. That has now apparently morphed into something broader, although it is unclear what the basis is. Appellee chose not to conduct the deposition of Doe or any of Doe's family members or witnesses. Doe further stands on the argument presented in his Appellant brief.

G. Conclusion

The district court failed to view the evidence presented in the light most favorable to the non-movant. When the evidence is viewed in such light, there are, at the very least, material fact issues for the jury in this case. The summary judgment should be reversed and the case remanded for trial.

Respectfully submitted,

s/Susan E. Hutchison
Susan E. Hutchison
Texas Bar No. 10354100
sehservice@FightsforRight.com

HUTCHISON & FOREMAN, PLLC
500 East 4th St., Ste. 100
Fort Worth, TX 76102
(817) 336-5533
817.887.5471 fax

ATTORNEYS FOR APPELLANT

CERTIFICATE OF SERVICE

This is to certify that on this April 4, 2022, a true and correct copy of the above and foregoing document was served on the following attorney of record via the court's electronic service:

Counsel for Appellee:
Emily McLemore Smith
Rusty Hardin
Rusty Hardin & Associates

s/Susan E. Hutchison<br>Susan E. Hutchison

CERTIFICATE OF COMPLIANCE WITH RULE 32(A)

I certify that the foregoing Reply Brief of Appellant complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B) because this Reply Brief contains 1,053 words, excluding parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

I certify that the foregoing Reply Brief for Appellant complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for MAC in 14 point Times New Roman.

/s/Susan E. Hutchison
Susan E. Hutchison

7